IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM RANDALL COLEMAN,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,
MATTHEW CHARLES FEDOR, OLIVIA
KAMAYANGI, MAHEEN ABIDI,
NORTHWEST HUMAN SERVICES, INC.
d/b/a WEST SALEM CLINIC, KAMRAN
GHALILI, ROBERT LOUIS SLOAN,
SALEM HEART CENTER, P.C., SALEM
 HEALTH HOSPITALS & CLINICS,

    Defendants.

_____

Case No. 6:16-cv-02252-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff William Randall Coleman[1] filed this medical malpractice action in state court

against several defendants. Coleman alleges he suffered injuries over several years from

undiagnosed diabetes despite several conclusive lab results.

    The United States of America removed this action under 28 U.S.C. § 1442. § 1442(a)(1)

allows the United States to remove any action filed in state court against any agency of the

United States "relating to any act under color of such office . . . ."

---

[1] While represented at the time of filing the complaint, Coleman now proceeds *pro se*.

The United States seeks to substitute the United States for defendants Olivia Kamayangi, Maheen Abidi, and Northwest Human Services, Inc. d/b/a/ West Salem Clinic ("West Salem Clinic"). The United States submitted declarations stating Kamayangi and Abidi were, at all relevant times, employees of the West Salem Clinic acting within the scope of their employment. Notice of Removal ¶¶ 2-3. The declaration also states the West Salem Clinic was deemed by the Secretary of Health and Human Services to be an employee of the Public Health Service and therefore eligible for Federal Tort Claims Act ("FTCA") coverage. Notice of Removal ¶ 4; Ex. 1. Unless challenged, the Attorney General's decision regarding whether the employees acted within the scope of employment is conclusive. *U-Haul Int'l. Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010). Coleman does not challenge the declarations and the United States is therefore substituted as the defendant for Kamayangi, Abidi, and the West Salem Clinic. *See* 2679(d)(1) (upon certification from Attorney General that defendant employee acted within the scope of his employment, the United States shall be substituted as the party defendant).

The United States now moves to dismiss the claims against it for lack of subject matter jurisdiction. This Court must dismiss a claim if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A rule 12(b)(1) dismissal for lack of subject matter jurisdiction may be based on either the face of the complaint or on extrinsic evidence demonstrating lack of jurisdiction. *White v. Lee*, 227 F.3d 1214, 1241 (9th Cir. 2000). When evaluating an attack on jurisdiction, the court accepts as true all factual allegations set forth in the complaint. *United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999). Plaintiff, as the party asserting jurisdiction, has the burden of establishing that the court has subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

2 – OPINION AND ORDER

The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Medical malpractice claims against federally funded health care facilities such as the West Salem Clinic, or against individual employees acting within the scope of their employment, such as Kamayangi and Abidi, must be brought against the United States under the FTCA. 42 U.S.C. § 233(g). Coleman's claims against the United States are therefore subject to the FTCA.

The FTCA requires a plaintiff to administratively exhaust any claim before filing the action. 28 U.S.C. § 2675(a). Here, Coleman had to present a claim to the Department of Health and Human Services. Torres Decl. ¶ 2. The United States submitted a declaration stating Coleman never filed a claim with the Department of Health and Human Services with regard to West Salem Clinic, Kamayangi, or Abidi. Torres Decl. ¶ 2-4. Coleman does not present any argument or evidence demonstrating he exhausted his claims and the time to do so has passed. The exhaustion requirement of 28 U.S.C. § 2675(a) "is jurisdictional in nature and must be interpreted strictly." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Because Coleman failed to exhaust his claims against the United States (formerly against the West Salem Clinic, Kamayangi, and Abidi), this Court lacks jurisdiction over those claims and those claims are dismissed, with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (*per curiam*).

Defendants Salem Health Hospitals and Clinics and Robert Louis Sloan move to remand this action if the Court grants United States' motion to dismiss. ECF No. 9, 10. Coleman did not respond to the motions and the time to do so has passed. As noted by the moving defendants, the United States removed this action under 42 U.S.C. § 233. Section 233(c) requires this Court to

remand an action removed under § 233 when the Court determines there is no remedy to be had against the United States. The motions to remand are GRANTED.

## CONCLUSION

The United States' motion to dismiss for lack of subject matter jurisdiction, ECF No. 7, is GRANTED. Defendants' motions to remand, ECF No. 9, 10, are GRANTED and this matter is remanded to Marion County Circuit Court. The clerk is directed to mail a certified copy of this remand order to the clerk of Marion County Circuit Court.

IT IS SO ORDERED.

DATED this 16th day of February, 2017.


_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge